IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF FLORIDA
(MIAMI DIVISION)

Case No.:

Ivan Esteban-Garcia
    Plaintiff(s),

vs.

Wal-Mart Stores East LP
    Defendant(s).

_____/

## COMPLAINT

COMES NOW, the Plaintiff Ivan Esteban-Garcia (hereinafter "Plaintiff"), and files this lawsuit against the Defendant Wal-Mart Stores East LP:

### General Allegations Applicable to all Counts

1. This is an action within the jurisdiction of this Court as the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees pursuant to 28 U.S. Code § 1332(a), and this action is between citizens of different States as;

    a. Defendant is a foreign corporation with its principal place of business in in Arkansas;

    b. Plaintiff is a citizen of and domiciled in the State of Florida.

2. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S. Code § 1332(a).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S. Code § 1391(b)(2), because United States District Court for the Southern District of Florida is where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

4.      Jurisdiction over Wal-Mart Stores East LP is proper Wal-Mart Stores East LP transacts business and is registered to do business in the State of Florida pursuant to Florida Statutes § 48.193.

5.      At all times material Wal-Mart Stores East LP operated, owned, controlled, leased, and maintained a commercial establishment operated as a "Walmart Supercenter" grocery and retail store located at 9300 NW 77th Ave, Miami-Dade County, FL, which was open to the general public.

6.      At all times material Plaintiff was on the premises of said store for the purpose of conducting business and purchasing the store's goods and/or services and therefore had the status of a business invitee.

7.      All conditions precedent to this cause of action have been pled or waived.

## COUNT I
### (Negligence)

8.      Plaintiff repeats and re-alleges paragraphs 1-7.

9.      At all times material Wal-Mart Stores East LP was a possessor of the land where the store was located and held said store open to the public.

10.     At all times material, Plaintiff was a paying customer of the store owned and operated by Wal-Mart Stores East LP, which was held open to the general public for the purpose of selling various goods, and thus was an invitee on Wal-Mart Stores East LP's property.

11. Accordingly, Wal-Mart Stores East LP owed Plaintiff a duty to:

   a. Use ordinary care in keeping the premises in a reasonably safe condition;

   b. Maintain all commercial refrigerators on its premises in good repair and promptly address any leaks or malfunctions of such equipment on Wal-Mart Stores East LP's premises.

   c. correct dangerous conditions of which Wal-Mart Stores East LP knew or should reasonably have known;

    d. give timely notice of patent, latent and/or concealed perils which were known or should have been known to Wal-Mart Stores East LP, but that were not known to the Plaintiff;

    e. to protect her against unreasonable risk of physical harm, and

    f. to exercise reasonable care in the performance of all duties and responsibilities undertaken gratuitously or for consideration.

12. At all times material, Wal-Mart Stores East LP breached these duties by engaging in the following negligent acts, and/or omissions:

    g. Failing to properly maintain the premises of its establishment when it was foreseeable that failure to properly maintain same would lead to the occurrence of foreign substances, posing a risk of injury to patrons;

    h. negligently hiring and/or retaining employees who failed to abide by Wal-Mart Stores East LP's policies and procedures relating to maintaining a safe environment for its invitees and customers on its premises;

    i. failing to warn patrons of dangerous conditions present on the floor of its store;

    j. failing to remedy or warn of dangerous or hazardous conditions which had existed for such a length of time that, in the exercise of ordinary care, Wal-Mart Stores East LP should have been aware of same;

    k. Failing to remedy or warn of the dangerous condition despite having actual or constructive knowledge of same;

    l. to protect patrons including the Plaintiff against unreasonable risk of physical harm.

13. As a direct and proximate result of the negligent acts and/or omissions of Wal-Mart Stores East LP, on or about February 2, 2020, Plaintiff was injured as a result of stepping on a hazardous condition present on Wal-Mart Stores East LP's floor consisting of liquid which was leaking from a

commercial refrigerator on the Defendant's premises that was permitted to spread throughout the aisle of Wal-Mart Stores East LP's store.

14. At all times material, Wal-Mart Stores East LP had actual or constructive knowledge of these dangerous conditions and failed to properly, address them, or otherwise warn Plaintiff, as evidenced by Wal-Mart Stores East LP's;

  a. Failing to remedy dangerous conditions which existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition.

     i. Specifically, Plaintiff alleges that the hazardous condition which caused his injury was the result of water which was allowed to leak from a merchandise refrigerator on Wal-Mart Stores East LP premises. The refrigerator had been steadily leaking water for an extended period of time due to an apparent lack of maintenance or malfunction. Additionally, the time the leak was present on the floor was sufficient for Wal-Mart Stores East LP in the exercise of ordinary care to have known of the condition.

  b. Failing to remedy dangerous conditions that occurred with regularity and were therefore foreseeable.

     i. Specifically, subsequent to the Plaintiff's injury, an employee of Wal-Mart Stores East LP advised the Plaintiff that he was aware that the refrigerator had been leaking for some time. However, no employee had placed a warning sign in the area warning of the spill.

     ii. Additionally, Wal-Mart Stores East LP knew or should have known that if not properly maintained and monitored, a merchandise refrigerator could leak water onto the floor creating a hazard to customers. Moreover, Wal-Mart Stores East LP

        knew or should have known that under such circumstances its employees should have regularly monitored the leak, cleaned up the leak, or warned customers of its presence.

    iii.    Merchandising refrigerators leaking water onto the premises of a grocery or retail establishment is a condition that occurred with regularity on Wal-Mart Stores East LP's premises and therefore was foreseeable.

15.    As a direct and proximate result and/or concurring cause of the negligence of Defendant as described above, the Plaintiff, suffered great bodily injury and resulting physical pain and suffering, inability to prove her claim due to loss and/or destruction of evidence, disability, disfigurement, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

16.    Furthermore, the negligent acts of Defendant have combined and resulted in an indivisible harm to Plaintiff, including bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

17.    The actions of the Defendant further caused a bodily injury, to the Plaintiff which resulted in an aggravation of an existing disease or physical defect and/or activation of a latent disease or physical defect, which condition cannot be said would have existed apart from the injury, and therefore Plaintiff is entitled for damages for the entire injury or condition suffered.

WHEREFORE, the Plaintiff, demands jury trial and judgment for damages against Wal-Mart Stores East LP in excess of Fifteen Thousand ($75,000.00) Dollars, plus taxable costs and whatever other relief this Court deems just and proper.

Served with the Summons:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030

/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law