UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: **21-23831-CIV-MARTINEZ-BECERRA**

IVAN ESTEBAN-GARCIA,

    Plaintiff,

v.

WAL-MART STORES EAST LP,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court on Defendant Wal-Mart Stores East LP ("Walmart")'s Motion for Summary Judgment. (ECF No. 32). After careful consideration, Walmart's Motion for Summary Judgment is **DENIED**.

### I.  BACKGROUND[1]

On February 2, 2020, Plaintiff went to a Walmart store in Hialeah, Florida, to pick up a few items for his girlfriend. (Apr. 5, 2022, Ivan Esteban-Garcia Dep. ("Garcia Dep.") at 71:15 20, 85:2 5, ECF No. 34-1). Plaintiff was walking through an aisle where the freezers were located, heading towards the registers. (*Id.* at 78:11 16; *see also* May 5, 2022, Shirley Ramia Dep. ("Ramia Dep.") at 25:17 26:3, ECF No. 42-4). As he was walking, he was looking at the floor directly in front of him. (Garcia Dep. at 82:12 18). He passed a Walmart employee on his right-hand side while proceeding down the aisle. (*Id.* at 77:5 14, 78:3 10). As he was walking down the aisle a couple approached him on his left-hand side with a shopping cart. (*Id.* at 76:12 18, 83:11 18,

---

[1] The following facts are undisputed unless stated otherwise.

86:12–87:8, 106:19–112:8). Plaintiff tried to pass the couple, but as he did, he slipped and fell on a three-to-four-inch puddle of "crystal-clear" water. (*Id.* at 12:17–21, 74:19–24; Customer Incident Report, ECF No. 42-1). Plaintiff did not see the water before he stepped in it. (Garcia Dep. at 73:8–74:1, 81:15–18). After Plaintiff fell, he noticed that water appeared to be "flowing" from underneath one of the freezers and into the aisle. (*Id.* at 74:25–76:11, 85:17–25). When Plaintiff stood up, he felt wetness all over his pants and hands. (*Id.* at 74:2–12). Plaintiff had not walked down the aisle before he fell, and he did not know how long the water was on the floor before he stepped in it. (*Id.* at 72:24–73:9, 81:3–8).

Walmart's corporate representative, Joseph Gallo, submitted a declaration that the freezer that caused the accident was number LTB.1.2.D. (Aug. 15, 2022, Decl. of Joseph Gallo ("Gallo Decl.") ¶ 4, ECF No. 34-2). But during his deposition, Mr. Gallo testified that "[t]here's no indication of any case leaking on February 2." (Apr. 28, 2022, Joseph Gallo Dep. ("Gallo Dep.") at 94:7–19, ECF No. 42-3). While the specific freezer at issue here may not be clear, there are internal records and work orders showing that issues with excess condensation and leaking water arose with the freezers at the Walmart store before the incident that occurred here. (*See* Gallo Dep. at Exs. 4, 5, 6). Indeed, records show that about two months before Plaintiff's fall, a work order had been completed on a freezer at the Walmart store in response to leaking from a freezer due to excess condensation. (Gallo Dep., Ex. 4 at 54). In addition, Walmart employees testified regarding issues with leaking freezers at the store. For example, employees Alejandro Morazon and Shirley Ramia testified that sometimes paper towers or absorbent pads were placed on the floor to soak up liquid leaking from the freezers. (Mar. 15, 2022, Alejandro Morazon Dep. ("Morazon Dep.") at 34:21–38:13, 40:16–41:7, ECF No. 34-4; Ramia Dep. at 8:4–11:18).

Plaintiff asserts one count of negligence against Walmart for failing to maintain the premises and failing to warn of a dangerous condition. (Compl. ¶ 12, ECF No. 1). Walmart moves for summary judgment, arguing that it lacked actual or constructive notice of the puddle. (Mot. at 3–15, ECF No. 32). Plaintiff argues that Defendant is not entitled to summary judgment because Walmart had actual notice that coolers in the freezer food section were leaking, Plaintiff observed the water flowing from the freezer area, and Plaintiff observed the puddle on the floor after he fell. (Resp. at 3–4, ECF No. 43).

## II.    LEGAL STANDARD

A court shall grant summary judgment when there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(c). The Court should not "weigh the evidence and determine the truth of the matter." *Chapman v. Am. Cyanamid Co.*, 861, F.2d 1515, 1518 (11th Cir. 1988). Rather, it must assess whether "after adequate time for discovery and upon motion," the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party meets its burden, the burden shifts to the nonmoving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* This requires showing more than just a "metaphysical doubt" as to a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the pleadings and, by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file,

designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted).

At summary judgment, courts must view the evidence and draw inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus.*, 475 U.S. at 586. "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant." *Chapman*, 861 F.2d at 1518. An inference created from "speculation and conjecture is not reasonable." *Id.* (citing *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)). Speculation "creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus.*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

### III. DISCUSSION

To prevail on a negligence claim, Plaintiff must prove that Walmart owed him a duty, Walmart breached that duty, the breach proximately caused his injuries, and the breach resulted in damages. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). A possessor of a premises open to the public owes invitees two duties: "(1) to use reasonable care to maintain the premises in a safe condition . . . and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, but are unknown to the invitee and could not be discovered by him through the exercise of due care." *Palavicini v. Wal-Mart Stores East, LP*, 787 F. App'x 1007, 1010 (11th Cit. 2019). Because this is a diversity case, Florida substantive law applies. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010). Under Florida law, proof of the breach element of a negligence claim involving a transitory substance in a business establishment requires "prove that the business establishment had actual or constructive

4

knowledge of the dangerous condition and should have taken action to remedy it." § 768.0755(1), Fla. Stat.; *see also Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017) ("[W]here a business invitee slips and falls on a 'transitory substance' in a business establishment . . . proof of the breach element of the claim against an owner of the establishment is constrained by section 768.0755 of the Florida Statutes (2013)."). A "transitory foreign substance" refers "generally to any liquid or solid substance, item or object located where it does not belong." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001).

Constructive knowledge can be established by circumstantial evidence showing that "[t]he condition occurred with regularity and was therefore foreseeable." § 768.0755(1)(b), Fla. Stat. Plaintiff argues that Walmart's history of wet floors from leaking freezers creates a reasonable inference of Walmart's constructive knowledge of the alleged dangerous condition. (Resp. at 10–12). To overcome summary judgment, an inference must be "reasonable." *See Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982). An inference is reasonable if it is one that a "reasonable and fair-minded [person] in the exercise of impartial judgment might draw from the evidence." *Id.* (citation omitted). While a reasonable inference may rest in part on conjecture, a jury cannot be "allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility." *Id.*

Here, testimony from Walmart employees that the freezers at the store leaked water onto the floors, combined with the repair records for the freezers showing issues with leaking and condensation support a reasonable inference that Walmart had constructive knowledge of the allegedly dangerous condition. *See Doudeau v. Target Corp.*, 572 F. App'x 970, 972 (11th Cir. 2014) (concluding that history of wet floors in rainy conditions supported a reasonable inference of defendant's constructive knowledge); *see also Hernandez v. Walmart Stores, Inc.*, No. 21-cv-

20861, 2022 U.S. Dist. LEXIS 81012, at *19–20 (S.D. Fla. Apr. 28, 2022) (concluding that store manager's testimony that "he was aware that another bunker in the same store . . . had leaked water onto store floors on previous occasions is circumstantial evidence that the dangerous condition that allegedly caused Plaintiff's injury occurred with regularity"); *Perez v. Pop Fla. Props.*, No. 20-cv-14214, 2022 U.S. Dist. LEXIS 33070, at *8 (S.D. Fla. Jan. 11, 2022) (denying summary judgment for defendant because testimony from general manager as to her awareness that the store had an issue with standing water in the area where plaintiff fell supported a reasonable inference of constructive knowledge). Because there is a disputed issue of fact as to Walmart's notice of the wet floors in the freezer section of the store, summary judgment for Walmart must be denied.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, (ECF No. 32), is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 2 day of November, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record