UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:  21-23831-CIV-MARTINEZ-BECERRA

IVAN ESTEBAN-GARCIA,

    Plaintiff,

v.

WAL-MART STORES EAST LP,

    Defendant.

_____/

### ORDER ON MOTIONS IN LIMINE

**THIS MATTER** is before the Court on Defendant Wal-Mart Stores East LP ("Walmart")'s Motion in Limine, (ECF No. 55), and Plaintiff Ivan Esteban-Garcia's Motion in Limine, (ECF No. 54). For the reasons explained below, the Court rules as follows.

**I.     LEGAL STANDARD**

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v. Carnival Corp.*, No. 08-cv-20937, 2009 U.S. Dist. LEXIS 139933, at *4 (S.D. Fla. April 13, 2009) (citations omitted). Yet, "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (internal citations omitted); *see also O'Bryan v. Joe Taylor Restoration*, No. 20-cv-80993, 2021 U.S. Dist. LEXIS 212112, at *1 (S.D. Fla. June 3, 2021) ("Motions in limine are best limited to those issues that the mere mention of which would deprive a party of a fair trial."). A court, therefore, "has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Mowbray*, 2009 U.S. Dist.

1

LEXIS 139933, at *5 (citation omitted). "If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id.* The burden of demonstrating that the evidence is inadmissible on any relevant ground rests with the movant. *Id.* (citation omitted). "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 42 (1984)). In the same vein, "limine motions that are granted are done so without prejudice to the adverse party's proffering the evidence, outside the presence of the jury" and "[l]imine motions that are denied are done so without prejudice to the movant's renewing the objection, if and when the objected-to evidence is offered at trial." *O'Bryan*, 2021 U.S. Dist. LEXIS 212112, at *1–2.

II.  **DISCUSION**

Below, the Court addresses Plaintiff's fifteen in limine requests (Request Nos. 1–15), and Defendant's seven in limine requests (Request Nos. A–G).

**PLAINTIFF'S MOTION IN LIMINE**:

1.  **Disclosures After Discovery Deadline**: **DENIED**. Plaintiff seeks to preclude Walmart from (1) introducing at trial records from the Faith Medical Group ("FMG"), and (2) from calling Carlos Perez-Machado, M.D. of FMG as a witness. (Def. Resp. at 2; ECF No. 59; Plfs. Reply at 1, ECF No. 60). Plaintiff argues that Walmart should be precluded from introducing this evidence at trial because Walmart did not serve its Supplemental Initial Disclosures, identifying Dr. Perez-Machado as a witness or the FMG records until after the discovery deadline on July 15, 2022. (Mot. at 1, ECF No. 54). Walmart argues that it should not be precluded from introducing this evidence at trial because (1) Plaintiff was aware of Dr. Perez-Machado before Walmart's Supplemental Initial Disclosures because he was Plaintiff's treating physician for the

alleged injuries relating to this incident; (2) Walmart disclosed Dr. Perez-Machado as a witness when it served Plaintiff with its Fact Witness List over two months before the discovery deadline; (3) Walmart notified Plaintiff of its intent to subpoena FMG records over five months before the discovery cutoff deadline, and (4) Walmart did not receive a full copy of the FMG records until July 14, 2022—one day before it served the Supplemental Initial Disclosures. (Resp. at 2–3). Walmart also argues that Plaintiff's objection to Walmart's delay in serving the Supplemental Initial Disclosures is untimely under Local Rule 26.1(g). (*See* Resp. at 3).

Parties are required to make certain disclosures throughout the course of a case. Federal Rule of Civil Procedure 26(a)(1) provides that a party must disclose "(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . .; (ii) a copy—or a description by category and location—of all documents . . . the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A). In addition, Rule 26(e) requires a party supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use [the] information of the witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

If there is a discovery dispute, the dispute must be timely raised. Local Rule 26.1 provides that a party must raise all discovery disputes with the Court by motion within thirty days of the "date on which [Plaintiff] first learned of or should have learned of a purported deficiency concerning the production of discovered materials." S.D. Fla. L.R. 26.1(g)(1). Local Rule 26.1(g)

further provides that the "[f]ailure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion." S.D. Fla. L.R. 26.1(g)(1).  Local Rule 26.1 "reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves." *Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co.*, No. 10-cv-24310, 2011 U.S. Dist. LEXIS 138953, at *4 (S.D. Fla. Dec. 2, 2011); *see also Zuniga v. Russell S. Jacobs, P.A.*, 16-cv-22303, 2019 U.S. Dist. LEXIS 230135, at *4 (S.D. Fla. Aug. 20, 2019).

The Court finds that Plaintiff waived his right to contest Walmart's delayed supplemental disclosure because Plaintiff's motion in limine request is a disguised, and untimely, discovery dispute.  Indeed, the substance of Plaintiff's request reflects that it is a motion for failure to comply with the Federal Rules of Civil Procedure on discovery.  While Plaintiff learned of Walmart's purportedly delayed disclosure on July 15, 2022, he waited about three months to present the issue to the Court—about two months too late.  Because Plaintiff has not demonstrated any good cause for the delay in raising the issue with the Court, Plaintiff waived his ability to contest the delayed disclosure. *See Munoz v. Dollar Tree Stores*, No. No. 19-cv-24512, 2021 U.S. Dist. LEXIS 95859, at *6 (S.D. Fla. May 20, 2021) (concluding that Local Rule 26.1(g) applied to a motion in limine because it concerned plaintiff's failure to comply with the Federal Rules of Civil Procedure on discovery, and finding the motion untimely); *Sakhil Ctr. at Doral Condo. Ass'n v. Hanover Ins. Co.*, No. 19-cv-21659, 2019 U.S. Dist. LEXIS 227019, at *6 (S.D. Fla. May 16, 2019) (finding defendant waived its right to compel depositions under Local Rule 26(g) and that defendant's motion in limine was "misplaced because Defendant never filed a motion to compel the deponents

4

to appear; instead, Defendant waited until the deadline to file a motion in limine so that it could simply exclude Plaintiff's experts").

Even if the Court were to find Plaintiff's motion in limine request timely, the Court's disposition would remain the same because Walmart supplemented its disclosures as soon as it received completed medical records from FMG. Moreover, any delay was harmless given Plaintiff knew that Dr. Perez-Machado would be called as a fact witness for Walmart over two months before the close of discovery. Plaintiff cannot claim surprise in Walmart's decision to present Dr. Perez-Machado or the FMG records at trial.

2. **Treating Physicians Not Properly Disclosed**: **DENIED**. Plaintiff moves to preclude Walmart from calling Dr. Carlos Perez, M.D. and Dr. Noel Lezama, M.D. to testify at trial as treating physicians because Walmart did not properly disclose the physicians as experts under Federal Rule of Civil Procedure 26(a)(2)(C). (Plf. Mot. at 2). Walmart argues that it was not required to meet the Rule 26(a)(2)(C) disclosure requirements because it only intends to call these physicians as fact witnesses to testify regarding their medical treatment rendered to Plaintiff. (Def. Resp. at 3–4).

"Treating physicians may be called on to testify (1) as fact witnesses—not giving expert testimony, but merely testifying as to the facts of the case as they personally observed them; (2) as experts giving opinions acquired solely through the treatment of the patient and not requiring the submission of a written report; (3) or as experts retained to give testimony that 'extends beyond the facts disclosed during care and treatment of the patient' and requiring the submission of an expert report." *Tomson v. Minn. Life Ins. Co.*, No. 18-cv-1719, 2020 U.S. Dist. LEXIS 183539, at *3 (M.D. Fla. May 14, 2020). The second category of treating-physician witnesses—who testify about opinions formed and based on observations made during the course of treatment—

are not required to submit an expert report. *See In re Denture Cream Prods. Liab. Litig.*, No. 09-civ-2051, 2012 U.S. Dist. LEXIS 152277, at *34 (S.D. Fla. Oct. 22, 2012). But counsel presenting this witness at trial must serve a less-burdensome disclosure under Rule 26(a)(2)(C). *Id.* A Rule 26(a)(2)(C) disclosure must describe "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *See Pringle v. Johnson & Johnson*, 2019 U.S. Dist. LEXIS 213275, at *3 (S.D. Fla. Dec. 11, 2019).

Walmart does not dispute that it did not disclose Dr. Perez or Dr. Lezama under Rule (a)(2)(C). Instead, Walmart argues that it was not required to submit an expert disclosure because it will only call Dr. Perez and Dr. Lezama to testify as fact witnesses. Under Rule 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. R 701. "Subsection (c) was added in 2000, in an attempt to rein in the admission of expert testimony under the guise of lay opinion." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). In sum, "[t]reating physicians disclosed only as lay witnesses may testify only to lay facts." *Tomson*, 2020 U.S. Dist. LEXIS 183539, at *4.

Here, because Walmart failed to satisfy the expert requirements under either Rule 26(a)(2)(B) or (C), Dr. Perez's and Dr. Lezama's trial testimony shall be limited to facts and observations made during the course of treatment. *See Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 16-cv-989, 2018 U.S. Dist. LEXIS 62786, at *3-4 (M.D. Fla. Apr. 13, 2018). "A treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting

6

from providing medical care, involving consultation, examination or treatment of a patient plaintiff." *Chapman v. P&G Distrib., LLC*, 766 F.3d 1296, 1315 n.23 (11th Cir. 2014). The Court cautions Walmart that if it calls Dr. Perez or Dr. Lezama to testify at trial during its case, it shall ensure the witnesses' testimony is constrained to this limited scope.

3. **Litigiousness, Prior Claims and Lawsuits**: **DENIED.** Plaintiff requests the Court preclude the introduction of any evidence or argument relating to Plaintiff's or any other witness's litigiousness or prior legal lawsuits.[1] (Plfs. Mot. at 3). Walmart does not oppose this aspect of Plaintiff's request; accordingly, this request is denied as moot. In response to this request, however, Walmart states that it will seek to introduce the FMG medical records from Plaintiff's 2019 car accident. (Def. Resp. at 4). Walmart contends that these records show that Plaintiff did not complain of knee pain after the car accident, but only after the slip-and-fall that is the subject of this dispute. (*Id.*). In opposition to Walmart's efforts to introduce evidence pertaining to the car accident, Plaintiff refers the Court to its earlier argument in Request No. 1 of his Motion in Limine—which the Court rejected—that the medical records were disclosed too late. (Plf. Reply at 3, ECF No. 60). At this stage, the Court declines to exclude evidence pertaining to the prior car accident. *See Higgs v. Costa Crociere S.P.A.*, 720 F. App'x 518, 520 (11th Cir. 2017) ("The evidence of prior falls provides a possible explanation for her harm other than [defendant's] negligence.").

4. **Truthfulness or Qualifications of Witnesses**: **GRANTED IN PART AND DENIED IN PART.** Plaintiff moves to preclude counsel and witnesses from testifying as to the

---

[1] Neither party addresses Dr. Desai's prior malpractice lawsuits within this in limine request; instead, the parties address the issue in Request No. G of Walmart's Motion in Limine. Accordingly, the Court will only address Dr. Desai's prior malpractice lawsuits when ruling on Request No. G.

7

truthfulness or qualifications of any other witnesses. (Plfs. Mot. at 3). Walmart agrees it will not "comment or accuse Plaintiff's counsel of fraud or unethical conduct in the presence of the jury." (Def. Resp. at 5). According, this request is denied as moot. Walmart, however, states that it is permitted to impeach the credibility of Plaintiff's witnesses. (Def. Resp. at 5–6). Indeed, Federal Rule of Evidence 607 expressly provides that any party "may attack the witness's credibility." The Court sees no reason to curtail this Rule absent further explanation from Plaintiff.

Walmart also contends that its experts should be permitted to testify as to Plaintiff's purported malingering. (*Id.* at 6). Plaintiff argues that Walmart cannot introduce evidence of malingering since Walmart has not disclosed an expert opinion as to malingering. (Plf. Reply at 3–4). The Court agrees that Walmart cannot introduce evidence concerning a malingering diagnosis without an expert opinion to that effect. *See In re Am. Airlines Flight 331*, No. 10-cv-20131, 2013 U.S. Dist. LEXIS 206860, at *7 (S.D. Fla. Oct. 21, 2013) ("Medical diagnoses and medical causation opinions ordinarily present technical and scientific issues that require the specialized knowledge of an expert witness.").

5. **Lay Witness Testimony Regarding Matters Outside Personal Knowledge and Observations**: **GRANTED**. Plaintiff moves to preclude Walmart's lay witnesses from testifying about the condition of the area where Plaintiff fell since none of the witnesses saw the area before the fall. (Plfs. Mot. at 3–4). Walmart responds only by citing to Federal Rule of Evidence 701(a), and stating that its witnesses are "permitted to provide their opinions, if rationally based on their personal perceptions." (Defs. Resp. at 4). Rule 701(a) provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception . . . ." It is unclear how this Rule supports Walmart's position in any way. Walmart's witnesses will not be permitted to testify about the condition of the floor before

or after Plaintiff's fall unless they have personal knowledge about it. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

6. **Expert Opinion Regarding Matters Not Contained in Expert Disclosures**: **GRANTED**. The parties' experts will not opine on topics outside their expert reports unless counsel opens the door to such line of questioning.

7. **Unpled or Improperly Pled Affirmative Defenses**: **DENIED AS MOOT**. Plaintiff seeks to preclude Walmart from raising any unpled affirmative defenses at trial; particularly, it seeks to preclude Walmart from asserting that the fall was the fault of any nonparty. (Plfs. Mot. at 4–5). Walmart responds that it has not raised an affirmative defense that the fall was the fault of a nonparty. (Def. Resp. at 5). The parties should have conferred prior to presenting this request to the Court.

8. **Worker's Compensation Claims or Benefits**: **DENIED AS MOOT**. This request is uncontested. The parties should have conferred prior to presenting this request to the Court. *See Bodden v. Quigley*, No. 13-cv-21834, 2014 U.S. Dist. LEXIS 155626, at *2 (S.D. Fla. Oct. 14, 2014) (denying as moot motions in limine where opposing party agreed to the relief requested).

9. **Collateral Sources**: **DENIED AS MOOT**. This request is uncontested. The parties should have conferred prior to presenting this request to the Court.

10. **Prior Settlements with Nonparty**: **DENIED AS MOOT**. This request is uncontested. The parties should have conferred prior to presenting this request to the Court.

11. **Argument or Statements Impugning Plaintiff's Counsel**: **DENIED AS MOOT**. This request is uncontested except as otherwise addressed by Request No. 4, discussed above. The parties should have conferred prior to presenting this request to the Court.

12. **Evidence Regarding Plaintiff's Prior Treatment and Medical Conditions**: **DENIED**. Plaintiff seeks to preclude Walmart from introducing evidence of Plaintiff's prior injuries and treatment. (Plf. Mot. at 7–8). With respect to the prior 2019 car accident, the Court has already denied this request as explained in its ruling on Request No. 3. The Court will not rule in the abstract as to any other injuries or treatments that neither party has adequately described. *See Ctr. Hill Courts Condo. Ass'n v. Rockhill Ins. Co.*, No. 19-cv-80111, 2020 U.S. Dist. LEXIS 16261, at *6 (S.D. Fla. Jan. 29, 2020) (citation omitted) ("[A] district court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.'").

13. **Evidence Regarding Whether Plaintiff's Counsel Referred Plaintiff to a Physician or Medical Provider**: **DENIED AS MOOT**. Neither party disputes the arguments presented by the other as to this request. The parties should have conferred prior to presenting this request to the Court.

14. **Wealth of Parties & Reference to Lawsuits Raising Insurance Premiums**: **DENIED AS MOOT**. Neither party disputes the arguments presented by the other as to this request. The parties should have conferred prior to presenting this request to the Court.

15. **Incident Report & Reports Prepared by Defendant's Employees, Agents, Experts or Contractors for Purpose of Litigation**: **DENIED AS MOOT**. Neither party disputes the arguments presented by the other as to this request. The parties should have conferred prior to presenting this request to the Court.

**DEFENDANT'S MOTION IN LIMINE**

A. **Walmart's Economic Standing**: **DENIED AS MOOT**.  Neither party disputes the arguments presented by the other as to this request.  The parties should have conferred prior to presenting this request to the Court.

B. **Prior Incidents**:[2]   **DEFERRED.**   Walmart seeks to preclude Plaintiff from introducing evidence into the trial of prior leaks or malfunctions with freezers at Walmart.  (Def. Mot. at 3, ECF No. 55).  Plaintiff argues that he should be permitted to introduce evidence of "substantially similar incidents at the same store."  (Plf. Resp. at 1, ECF No. 56).  Evidence of similar incidents is admissible if "(1) the proponent makes a showing that the prior accidents are substantially similar, (2) the prior accidents are not too remote in time, and (3) the probative value of the evidence outweighs any potential prejudice or confusion."  *Crawford v. ITW Food Equip. Grp., LLC*, 977 F.3d 1331, 1350 (11th Cir. 2020) (citations omitted).  "The 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence."  *Sorrels v. NCL (Bahamas), Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015); *see also Hall v. Carnival Corp.*, No. 21-cv-20557, 2022 U.S. Dist. LEXIS 50507, at *13 (S.D. Fla. Mar. 21, 2022) ("In general, 'for purposes of proving other accidents in order to show defendants' awareness of a dangerous condition, the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed.'" (citation omitted)).

---

[2] The Court notes that the record appears to be unclear as to which Walmart freezer was the actual freezer that supposedly caused the slip and fall here.  On summary judgment, Plaintiff disputed the fact that the freezer that allegedly caused the accident was freezer number LTB.1.2d.  (Defs. SMF ¶ 8, ECF No. 34; Plfs. Resp. SMF ¶ 8, ECF No. 42).  Now, in response to Defendant's motion in limine request, Plaintiff appears to concede that the "freezer at issue" was freezer number LTB.1.2d.  (Plfs. Resp. at 5, ECF No. 58).  If the parties agree that freezer number LTB.1.2d is the freezer that allegedly caused the accident here, they should say so in their supplemental briefing on substantially similar incidents.

The Court finds that Walmart's motion in limine is premature because neither party has specially identified the similar incidents sought to be introduced at trial. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 19-md-2885, 2021 U.S. Dist. LEXIS 44709, at *9–10 (N.D. Fla. Mar. 10, 2021) (concluding that motion in limine was "not ripe for decision at this point because no specific similar occurrences have been raised"). To the extent Plaintiff seeks to introduce evidence of similar incidents, he shall, **on or before November 10, 2022**, file a motion specifically identifying (1) the similar incidents to which he will seek to admit, (2) the evidence he intends to introduce as to those incidents, and (3) how those incidents are similar to the incident that occurred here. *Each* allegedly similar incident shall be labelled with a number, and the facts and evidence as to *each* incident must be clearly stated with citations to the record. Defendants may submit a response **on or before November 14, 2022**.

C. **Walmart's Internal Policies and Procedures as to Walmart's Standard of Care**: **DENIED.** Walmart seeks to preclude Plaintiff from introducing evidence of Walmart's internal policies and procedures into the trial to show that Walmart owed Plaintiff a heightened standard of care. (Def. Mot. at 7). Plaintiff agrees that Walmart's internal policies are not determinative of its standard of care but are nevertheless relevant to the issue. (Plf. Resp. at 3–4). Walmart states in reply that Plaintiff seeks to introduce policies that are wholly irrelevant to the issues in dispute, such as the nightly cleaning of the store's sales floor. (Def. Reply at 4, ECF No. 58).

The Court concludes that Walmart's internal policies and procedures that relate to the slip-and-fall at issue here may be relevant to Walmart's standard of care. *See Pollock v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 937 (Fla. 2004) (noting that "a written policy or manual may be instructive in determining whether the alleged tortfeasor acted negligently in fulfilling an independently established duty of care"). To be clear, Walmart's internal policies and procedures

do not establish its standard of care. *Id.*; *see also Steinberg v. Lemnick*, 531 So.2d 199, 200–01 (Fla. 3d DCA 1988). And if Plaintiff wishes to introduce this evidence at trial, he "must nonetheless meet the test of relevancy." *Mayo v. Publix Super Mkts.*, 686 So. 2d 801, 802 (Fla. 4th DCA 1997). Moreover, should this evidence be introduced at trial, the Court will instruct the jury that such polices and procedures do not itself fix the standard of care. *See Metropolitan Dade Cnty. v. Zapata*, 601 So.2d 239, 244 (Fla. 3d DCA 1992) ("[T]his court has held that a jury receiving such evidence must be cautioned that the existence of an internal rule does not itself fix the standard of care."); *Mayo*, 686 So. 2d 801. Importantly, Walmart's internal policies and procedures are ""*not* evidence of negligence unless and until the *jury* finds . . . that the internal rules represent the standard of care." *Wal-Mart Stores, Inc. v. Wittke*, 202 So. 3d 929, 930–31 (Fla. 2d DCA 2016) (internal citations omitted) (emphasis in original).

    D. **Walmart's Internal Policies and Procedures as to Walmart's Post-Incident Investigation**: **GRANTED.** Walmart seeks to preclude Plaintiff from introducing Walmart's internal post-incident-investigation polices and procedures. (Def. Mot. at 9–10). Plaintiff responds that he will seek to introduce this evidence "to rebut any claim by Wal-Mart that Plaintiff did not timely report the subject incident and also [as to] whether Wal-Mart's employees failed to comply with these procedures the date of the subject accident." (Plf. Resp. at 4). Plaintiff has not demonstrated the relevancy of Walmart's post-incident-investigation policies and procedures, and the Court does not discern any. Indeed, the evidence is wholly unrelated to whether Walmart allegedly breached its standard of care, and Walmart does not contest that Plaintiff timely reported his slip and fall. (Def. Reply at 4).

    E. **Subsequent Remedial Measures**: **GRANTED.** Walmart moves to preclude Plaintiff from introducing or mentioning evidence of its subsequent remedial measures. (Def. Mot. at 10–11). Federal Rule of Evidence 407 provides that "[w]hen measures are taken that

13

would have made an earlier injuries or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence . . . . But the court may admit this evidence for another purpose, such as impeachment . . . ." Fed. R. Civ. P. 407).  Plaintiff states that he will seek to introduce evidence about a repair to the subject freezer that occurred after Plaintiff's fall. (Plf. Resp. at 4–5).  This evidence is clearly an inadmissible subsequent remedial remedy and can only be introduced as impeachment evidence.

      F.      **Plaintiff's Mother's Disability**: **DENIED AS MOOT**.  This request is uncontested.  The parties should have conferred prior to presenting this request to the Court.

      G.      **Walmart's Expert's Personal Litigation History**: **GRANTED.**  Walmart moves to preclude Plaintiff from cross-examining Dr. Mehul Desai on his past medical malpractice lawsuits. (Def. Mot. at 11–12).  Plaintiff responds that he will seek to introduce evidence that Dr. Desai "has been repeatedly sued for malpractice relating to his misreading of radiological findings resulting in the deaths of patients." (Plf. Resp. at 6).  Plaintiff also states that he will seek to impeach Dr. Desai with prior inconsistent statements in other cases regarding his methodology for diagnosing injuries. (Plf. Resp. at 6).  Walmart contends that Plaintiff misleads the Court with respect to the amount of medical malpractice lawsuits that have been filed against Dr. Desai and argues that this evidence would be unduly prejudicial under Federal Rule of Evidence 403. (Def. Reply at 5–6).

    The Federal Rules of Evidence limit the introduction of evidence concerning a witness's prior wrongs.  To begin, Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  This type of bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2).  In

14

addition, Rule 608(b) provides that except for a criminal conviction, "extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack or support the witnesses character for truthfulness." Fed. R. Evid. 608(b). The Court may, however, allow this evidence to be introduced on cross-examination if it is probative of the witness's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b)(1). Finally, Rule 403 requires the Court to weigh the probative value of such evidence against the danger of unfair prejudice from it. Fed. R. Evid. 403.

Evidence concerning Dr. Desai's prior malpractice suits is collateral and inadmissible bad acts evidence. Plaintiff appears to be making a quasi-*Daubert* argument that evidence of the malpractice suits is relevant to Dr. Desai's competency to testify as an expert. (Plf. Resp. at 5–6). But it is unclear how the malpractice suits make Dr. Desai incompetent to testify as an expert in this case. Moreover, an inquiry into those lawsuits would undoubtedly lead to a mini trial where Dr. Desai would be forced to defend his actions even though they were based on facts entirely different from those presented here. If the prior lawsuits are addressed on direct examination, the Court may reconsider whether this evidence should be admitted. *See Siplin v. Carnival Corp.*, No. 17-civ-23741, 2018 U.S. Dist. LEXIS 118893, at *18 (S.D. Fla. July 17, 2018) (granting motion in limine to preclude defendant from referencing other cases where expert was subject to a *Daubert* challenge but permitting plaintiff leave to renew the motion if defendant sufficiently opened the door to such evidence). At this point, however, the Court concludes that introducing this type of evidence would only confuse the issues.

Plaintiff also asserts that he will also seek to impeach Dr. Desai on his methodology for diagnosing injuries in the clinical setting compared to situations where he has been hired as an expert. (Plf. Resp. at 6). Again, questioning Dr. Desai about the methodology he applied in different factual scenarios is not relevant here. The Court will preclude Dr. Desai from being

questioned about these different methodologies and diagnoses unless Plaintiff can first show the Court, outside the presence of the jury, how this information is factually related to this case.

      **DONE AND ORDERED** in Miami, Florida, this 8th day of November, 2022.

                                                    JOSE E. MARTINEZ
                                                    UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record